Elvina M. HERWEG, by her husband and next friend, Darrell E. Herweg, and Darrell E. Herweg, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Robert D. RAY, Individually and in his capacity as Governor of the State of Iowa and Kevin J. Burns, Individually and in his capacity as Commissioner of the Iowa Department of Social Services, Defendants.

Civ. No. 77–222–1.

United States District Court,
S. D. Iowa, C. D.

Jan. 19, 1978.

---

Robert L. Bray, Legal Services Corp. of Iowa, Des Moines, Iowa, Gill Deford and Neal Dudovitz, National Senior Citizens Law Center, Los Angeles, Cal., for plaintiffs.

Richard C. Turner, Atty. Gen. of Iowa, Stephen C. Robinson, Sp. Asst. Atty. Gen., Des Moines, Iowa, for defendants.

## MEMORANDUM OPINION AND ORDER

STUART, Chief Judge.

This is an action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiffs also seek class action certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). In substance plaintiffs ask this Court to declare Iowa Department of Social Services Manual Letter No. XII–1–28 pt. 2 dated June 3, 1977 invalid and to enjoin its enforcement. Such policy letter was authorized by House File 464, section 18, Acts of the 67th General Assembly of the State of Iowa. This letter contains a formula by which a portion of the income of a non-institutionalized spouse is "deemed" available to meet the needs of an institutionalized spouse who receives Medicaid payments under Title 42 U.S.C. § 1396 et seq. Jurisdiction of the Court is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3) and (4).

The State of Iowa has adopted and filed with the Department of Health, Education and Welfare (HEW) a plan for the implementation of Title XIX Medical Assistance programs, Iowa having chosen to participate in the Medicaid program. This state plan allegedly failed to comply with the statute and HEW regulations as set forth in 45 C.F.R. § 248.3(b). Defendant Burns, however, has indicated an intention to continue the procedure currently in effect.

Plaintiff Elvina Herweg is an adult resident of the State of Iowa who is permanently and totally disabled. The action is being pursued by her husband and next friend Darrell Herweg. She was born December 21, 1930 and is now 47 years of age. In August of 1976 she suffered aneurisms and cerebral hemorrhaging on both the left and right sides and has since remained in a

comatose state. Darrell Herweg applied for and received medical assistance for her hospital care on October 7, 1976. On January 20, 1977, he applied for Medicaid assistance for an extended care facility. Elvina Herweg had been placed in a skilled long-term facility on November 1, 1976.

At the time of filing this action Darrell Herweg was employed as a butcher for the Hinky Dinky supermarkets in Council Bluffs, Iowa, with a gross income of $1,350 per month ($1,032 net). He currently has three teenage daughters living at home. Based on the original Department of Social Services (Department) calculations, he was required to contribute $234.80 per month towards his wife's care which totals approximately $1,374 per month excluding fees of physicians and costs of medicine.

On June 2, 1977 the Department issued a Notice of Decision cancelling medical assistance for Elvina Herweg effective June 30, 1977 because under revised formula calculations well over one half of Darrell Herweg's income was "deemed" available for his wife's care, causing her "income" to be higher than the cut-off level. On June 7, 1977 Darrell Herweg appealed the decision to cancel assistance. The appeal hearing was held July 15 and on July 21, 1977 the original decision was affirmed. Subsequent to this Court's grant of a Temporary Restraining Order on July 28, 1977 the Department on August 11, 1977 issued a new "Proposed Decision" which modified the formula calculations for determining what portion of Darrell Herweg's income should be "deemed" available for Elvina Herweg's support as follows:

| | |
|---|---|
| $ 1,350.00 | gross monthly income |
| – 65.00 | work expenses |
| 1,285.00 | ÷ 2 equals 642.50 |

| | |
|---|---|
| $ 642.50 | |
| – 177.80 | living allowance for non-institutionalized spouse |

| | |
|---|---|
| $ 464.70 | |
| – 269.40 | living allowance for three dependents computed at 89.80 for each of the three dependents |

| | |
|---|---|
| $ 195.30 | deemed to be Elvina Herweg's income |
| – 20.00 | from Darrell Herweg disregard of income (Elvina Herweg's income) |

| | |
|---|---|
| $ 175.30 | |
| – 25.00 | personal needs for spouse in institution |
| $ 150.30 | |

Under this formula Darrell Herweg is required to provide $150.30 per month toward the total expenses of his wife's institutionalization. If he does not, eviction would be imminent.

Plaintiff's specific contentions are as follows:

1. The "deeming" practices utilized by defendants pursuant to House File 464, section 18 violate the applicable implementing regulations, 45 C.F.R. § 248.3(b) which require that no deeming or attribution of income occur subsequent to the end of the first calendar month after one spouse enters the institution.

2. The deeming procedures violate the Medicaid statute, 42 U.S.C. § 1396a(a)(17) which requires that: (a) a state have reasonable standards for determining Medicaid assistance; (b) that such plan must provide that only income and resources actually available to the Medicaid recipient be considered; (c) that income and resources be reasonably evaluated; and (d) that the State take into account for purposes of determining appropriate payment from the non-institutionalized spouse, income only of those relatives legally responsible for her support.

3. The practice and concept of "deeming" create an irrebuttable presumption that the non-institutionalized spouse is capable of paying the amount computed by the formula set forth in the manual and that such amount is actually available. Such irrebuttable presumptions are not rationally related to a legitimate state interest and are accordingly violative of the Due Process Clause of the Fifth Amendment to the United States Constitution.

4. The imposition of an additional eligibility requirement on otherwise qualified Medicaid recipients (the payment of a "deemed" available amount) creates two classes of Medicaid recipients. One class consists of unmarried institutionalized Med-

icaid recipients, the other, married institutionalized Medicaid recipients. Disparate treatment between such classes is irrational and capricious thus violating the Equal Protection Clause of the Fourteenth Amendment.

Medicaid is a federally sponsored welfare program designed to provide medical benefits to those with limited incomes and resources. The overall purpose is to provide a "coordinated approach for health insurance and medical care for the aged under the Social Security·Act". See 1 U.S.Code Cong. & Admin.News, p. 1943 (89th Cong. 1st Sess. 1965). See generally 42 U.S.C. § 1396 et seq. In order to qualify for medical assistance, individuals must be within eligibility limits for approved categorical assistance programs such as Title XVI (Supplemental Security Income), Title IV–A (Aid for Families with Dependent Children) or a state supplemental payment plan, either before or after medical expenses are taken into account. 42 U.S.C. §§ 1396a(a)(10), 1396a(f); 45 C.F.R. § 248; *Manfredi v. Maher,* 435 F.Supp. 1106, 1108 (D.Conn. 1977).

Federal law places certain limitations upon the eligibility criteria which States may impose under Medicaid plans. See *Manfredi v. Maher,* supra; *Burns v. Vowell,* 424 F.Supp. 1135, 1138 (S.D.Tex.1976) (limited to preliminary injunction consideration only); *Franssen v. Juras,* 406 F.Supp. 1375 (D.Or.1975).

The precise issue is whether the State's method of computing the income available under the circumstances is in conflict with the statute and departmental regulations. Plaintiffs claim that

> [t]his bureaucratic determination that income is available fails to consider the real contours of the situation; by imputing income to the institutionalized spouse (or, actually, to the institution which provides the care), the state ignores the fixed costs of the non-institutionalized spouse, thus forcing an impossible choice. If the non-institutionalized spouse does not make all of the payments in an effort to maintain his or her own standard, then that spouse runs the serious risk that the nursing

home, which is necessarily only receiving a portion of the cost of care, will evict the institutionalized spouse.

## THE STATUTE

Title 42 U.S.C. § 1396a(a)(17) provides in its pertinent parts:

(a) A State plan for medical assistance must—

> .    .    .    .    .

(17) include reasonable standards (which shall be comparable for all groups and may, in accordance with standards prescribed by the Secretary, differ with respect to income levels, . . .) for determining eligibility for and the extent of medical assistance under the plan which (A) are consistent with the objectives of this subchapter, (B) provide for taking into account *only such income* and resources *as are,* as determined in accordance with standards prescribed by₁ the Secretary, *available to the applicant or recipient* . . . (C) *provide for reasonable evaluation of any such income* or resources, and (D) *do not take into account the financial responsibility of any individual* for any applicant or recipient of assistance under the plan *unless such applicant or recipient is such individual's spouse* or such individual's child who is under age 21 . . . . (Emphasis supplied)

The voluminous legislative history indicates that the provisions of 42 U.S.C. § 1396a(a)(17) were "designed so that the States will not assume the availability of income which may not, *in fact, be available* ". (Emphasis supplied) S.Rep. 404, 1 U.S.Code Cong. & Admin.News, supra at 2018. The same report further provides:

> The committee has heard of hardships on certain individuals by requiring them to provide support and to pay for the medical care needed by relatives. The committee believes it is proper to expect spouses to support each other and parents to be held accountable for the support of their minor children and their blind or permanently and totally disabled children even though 21 years of age or older. Such requirements for support may rea-

sonably include the payment by such relative, *if able,* for medical care. (Emphasis supplied)

Id. See *Manfredi v. Maher,* supra; *Burns v. Vowell,* 424 F.Supp. 1135, 1140–41 (S.D. Tex.1976).

■ This Court joins other courts in holding that state procedures which "deem" a computed portion of a spouse's income to be available for an institutionalized spouse's expenses by the application of an arbitrary formula are contrary to 42 U.S.C. § 1396a(a)(17) as shown by its language and the expressed Congressional intent. *Manfredi v. Maher,* supra; *Burns v. Vowell,* supra; and *Franssen v. Juras,* supra.

This does not mean that the state may not seek some contribution from the non-institutionalized spouse. Congress has recognized that such spouse should be responsible for that portion of an institutionalized spouse's expenses that he or she in fact is able to bear.

In *Franssen v. Juras,* supra, 406 F.Supp. at 1378 the Court said:

Congressional purpose to calculate need with real rather than presumed dollars is evident from the report of the House Ways and Means Committee that accompanied the Medicaid bill.

[quoting]

Nonetheless, this prohibition against assuming sources of income is not intended to permit one spouse to spurn a normal obligation to support and assist the other merely by refusing to make contributions.

The Court took a similar position in *Burns v. Vowell,* 424 F.Supp. at 1141:

Thus, while the income of a non-institutionalized spouse can be considered, it must be done through the application of reasonable standards and not on the basis of an irrebuttable presumption that the money is available for the care and support of the institutionalized spouse. Deeming as employed by the Texas regulation is not consistent with the federal statutes and regulations, and cannot be employed to impute income. Thus where nursing home care is made available to eligible recipients, their spouses cannot 'be held accountable beyond their means'.

■ Although the operation of the State's formula as finally computed appears to make a reasonable allocation of income in the situation before the Court, it would seem to be merely coincidental. There has been no factual determination that this particular amount is reasonably available for the institutionalized spouse. In the Court's opinion, the state procedure must provide for a factual determination in each instance of the amount of the spouse's income which is in fact reasonably available for the support of the institutionalized spouse. Otherwise the procedures will be in conflict with 42 U.S.C. § 1396a(a)(17). Such determination must give due consideration to the individual obligations and the particular needs of each spouse and family.

The Court concludes that the Iowa Department of Social Services Manual Letter No. XII–1–28 pt. 2 dated June 3, 1977 is invalid.

## REGULATIONS

Section 248.3(b), Code of Federal Regulations, effective January 13, 1977, provides in part:

(b) with respect to both the categorically needy and if they are included in the plan, the medically needy, a State plan must:

(a)(ii) *Where only one spouse applies* as aged, blind or disabled or is SSI eligible, *and they cease to live together* in a common household, *only actually contributed income* and resources *may be considered available* in determining the eligibility or amount of assistance of the applicant or recipient after the month during which they cease to live together. (Emphasis supplied)

*Griswold v. Page,* TCA 77–712 (N.D.Fla. filed May 20, 1977) states:

All parties to this action concede that these regulations proscribe the deeming procedures outlined above. 14. HRS has revised its field manual to reflect and comply with the changes in the federal regulations. Effective for the period beginning May 1, 1977, the income of a non-institutionalized spouse will no longer be imputed to be available to defray

the expenses of the institutionalized spouse once a thirty-day period has elapsed from the initial date of institutionalization.

 As the Court has already held that the state procedures are contrary to the statute, it must and does hold that the procedures are also contrary to regulations which arbitrarily refuse to impute the income of a non-institutionalized spouse to defray expenses of an institutionalized spouse.

As the arbitrary denial of any right for the states to make a factual determination of a reasonable amount of a non-institutionalized spouse's income which may be imputed to the institutionalized spouse appears to be contrary to statements in this opinion and the cited cases, the Court feels compelled to make it clear that this decision should not be interpreted as approving the amended regulations. Mr. Califano and HEW are not represented in this action and it is therefore not appropriate to make a finding on the validity of that section. However, it seems to the Court that "deeming" is contrary to congressional intent whether income of the non-institutionalized spouse is deemed available or unavailable.

A state should be allowed under the statute to require proof of actual expenses, deducting those amounts from gross income to determine the amount, if any, that might reasonably be required as a contribution to the support of the institutionalized spouse. This approach would appear decidedly more flexible and equitable in its overall operation and furtherance of congressional intent.

The Court does not consider it necessary or proper to consider the plaintiffs' claims relative to the unconstitutionality of the state's deeming procedures. However, one issue does remain, that of plaintiffs' class action request. Since defendants have stipulated to this action being proper for class action procedures, the Court accepts plaintiffs' contention that the proper class pursuant to Fed.R.Civ.P. 23(a) and (b)(2) consists of all married couples residing in Iowa of which: (1) one spouse is eligible for Medicaid and requires institutionalization; and

(2) the other spouse is not institutionalized; and (3) the non-institutionalized spouse has income which is, under current state procedures, being deemed available to the institutionalized spouse. If the parties are unable to agree upon the proper notice and notice procedures to be utilized, the Court will consider that issue at a later date.

IT IS THEREFORE ORDERED that plaintiffs' request for class action certification shall be, and the same is hereby granted.

IT IS FURTHER ORDERED that the plaintiffs' request for final determination, which the Court elects to treat as a motion for summary judgment shall be, and the same is hereby granted.

IT IS FURTHER ORDERED that plaintiffs' request for a permanent injunction against state "deeming" procedures shall be, and the same is hereby granted.

IT IS FURTHER ORDERED that any other matters not disposed of in this opinion and Order will be considered upon application of a party or parties.

Plaintiffs shall prepare a Judgment Entry in accordance herewith, obtain defendants approval as to form and submit it to this Court for signature.

Costs of this action are assessed against the defendants.