**Elvina M. HERWEG, by her husband and next friend, Darrell E. Herweg, and Darrell E. Herweg, and all others similarly situated, Plaintiffs,**

v.

**Robert D. RAY, Individually and in his capacity as Governor of the State of Iowa, and Kevin J. Burns, Individually and in his capacity as Commissioner of the Iowa Department of Social Services, Defendants.**

Civ. No. 77–222–1.

United States District Court,
S. D. Iowa, C. D.

July 10, 1978.

---

Gill Deford, Neal S. Dudovitz, Los Angeles, Cal., Robert L. Bray, Des Moines, Iowa, for plaintiffs.

Richard C. Turner, Atty. Gen. of Iowa, Stephen C. Robinson, Sp. Asst. Atty. Gen., Des Moines, Iowa, for defendants.

### RULING AND ORDER

STUART, Chief Judge.

On January 19, 1978 this Court entered a Memorandum Opinion and Order which granted plaintiffs' request for class certification, their motion for summary judgment and their request for a permanent injunction against state "deeming" procedures. *Herweg v. Ray*, 443 F.Supp. 1315 (S.D.Iowa 1978). On March 17, 1978 plaintiffs filed a request with this Court seeking an Order which would set forth specifically the contours of relief to which plaintiffs were entitled. Defendants joined in this motion on March 22, 1978 and at the same time filed a brief which argued against retroactive application of the Court's affirmative relief set forth in the January 19, 1978 Order. Plaintiffs responded on March 31, 1978 and the matter came on for hearing on April 27, 1978. Appearing for plaintiffs were Gill Deford and Robert Bray. Appearing for defendant was Stephen Robinson. Supplemental briefs were filed May 10 and June 27 by plaintiffs and defendants respectively. The Court now considers the matter fully submitted.

Three primary issues remain to be resolved: (1) the contents of the class notice; (2) the question of retroactive application of the Court's original ruling; and (3) the sufficiency of defendant's modified procedures pursuant to the statutes and this Court's Order. These issues will be discussed in inverse order.

Proposed revised procedures of the State Department of Social Services provide generally for disregarding of certain income and for the individualized determination of the amount of a non-institutionalized spouse's income which is in fact reasonably available for the support of the institutionalized spouse. Plaintiffs contend that adequate provision is not made for the disregarding of Social Security benefits, 42 U.S.C. § 407, Railroad Retirement Board annuities, 45 U.S.C. § 231m, and Civil Service Commission annuities, 5 U.S.C. § 8346(a). Plaintiffs also claim "the strong possibility remains, given the bland nature of these instructions, that workers will simply use the work sheet as their format and not bother to determine whether other expenses could be deducted".

The Court agrees that the three specific items noted above should be specifically mentioned in the revised State procedures. With this exception, the procedures are satisfactory. The comment to section 4(e) provides "[t]he items listed are not intended to be all inclusive or in any way a limitation". The Department of Social Services employs trained individuals who, in cooperation with affected individuals, make independent determinations of income and expense items. The Court will not assume that certain items of income, properly exempt under various federal provisions, will be included as income or that proper expenses will not be allowed. Should either event occur proper procedures are certainly available within the administration of the Department of Social Services without detailed and continual federal court supervision.

Plaintiffs major dispute with the revised procedures concerns what is perceived by them to be continued "deeming" of income to be available from the non-institutionalized spouse for the institutionalized spouse's care. Plaintiffs take issue

with revised procedures which, as an initial premise, combine incomes of the institutionalized and non-institutionalized spouse and, only after such combination has been made, make provision for the reasonable requirements of the non-institutionalized spouse. Plaintiff argues that any available income of the non-institutionalized spouse cannot automatically be "deemed" available unless it is actually contributed and that contribution can be compelled only through relative responsibility laws which would place the burden to pay on the non-institutionalized spouse without jeopardizing the qualification status of the institutionalized spouse.

The Court disagrees with the plaintiffs. Although such a procedure might be possible under the relevant statutes, the State has undertaken the responsibility of formulating a plan that also complies with the applicable statutes. The existence of alternative procedures is irrelevant. Title 42 U.S.C. § 1396a(a) provides:

> A State plan for medical assistance must—(17) include reasonable standards . . . for determining eligibility for and the extent of medical assistance under the plan which (A) are consistent with the objectives of this subchapter, (B) provide for taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, available to the applicant or recipient and . . . (C) provide for reasonable evaluation of any such income or resources . . .

In the Court's opinion the proposed State plan involved herein adequately fulfills these objectives. In its original Order this Court recognized that, although a State may not "deem" income to be available by use of an arbitrary formula, this does not mean that the State may not seek some contribution from the non-institutionalized spouse. Further this Court recognized, although it could not specially find, that deeming is contrary to Congressional intent regardless of whether income is deemed to be available or not available. The proposed plan here is, in this Court's opinion, entirely consistent with the federal law. Plaintiffs'

interpretation, while perhaps consistent as well, is not mandatory and does not invalidate the State plan.

The Court is of the opinion that the January 19, 1978 Order is properly retroactive to the date of the filing of the original complaint, July 28, 1977.

█ The form of notice to be sent to the plaintiff class, attached hereto as Exhibit A, is consistent with that approved by the Seventh Circuit in *Jordan v. Trainor*, 563 F.2d 873 (7th Cir. 1977), cert. granted, sub nom. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1978). As that Court said:

> No judgment for any award of damages against the state comes from the federal court. The members of the class will be given no more by the proposed modified notice than that what they would have gathered by sitting in the courtroom or by reading and listening to news accounts had the case attracted attention. As for the state, our decision means only that if an appeal be filed in the future by a class member, the state may determine for itself by its own procedures whether any back payment may be due the applicant.

*Jordan v. Trainer*, supra at 877. The case is even more clear here where any retroactive recovery to any member of the plaintiff class would amount only to reimbursement of payments improperly demanded rather than payment of amounts improperly withheld or actual damages to be recovered. The Court hereby specifically approves the class notice attached.

IT IS THEREFORE ORDERED that the proposed manual letter submitted by defendants at hearing shall be, and the same is hereby specifically approved, except that it must specifically point out that Social Security benefits, Railroad Retirement Board annuities and Civil Service Commission annuities are to be disregarded.

IT IS FURTHER ORDERED that the Order of this Court dated January 19, 1978 shall be, and the same is hereby declared to be retroactive to July 28, 1977.

IT IS FURTHER ORDERED that the parties shall have ten (10) days from the date of this Order to submit objections, if any, to the class notice attached hereto. If no objections are filed, this notice shall be sent to all members of the class as expeditiously as possible.

## EXHIBIT "A"

### CLASS NOTICE

To all married couples residing in Iowa of which: (1) one spouse is eligible for Medicaid and requires institutionalization; and (2) the other spouse is not institutionalized; and (3) the non-institutionalized spouse has income which is, under [previous] state procedures, being deemed available to the institutionalized spouse.

Notice of Possible Eligibility to Recover Amounts Previously Paid to the Iowa Department of Social Services.

On January 19, 1978 the federal district Court for the Southern District of Iowa declared that the Iowa Department of Social Services was in violation of federal law by its method of computing the amount of income which a non-institutionalized spouse was required to contribute towards the care of an institutionalized spouse under the Medicaid program. The Iowa Department of Social Services was directed to modify its computation procedures as follows: "The State procedure must provide for a factual determination in each instance of the amount of the spouse's income which is in fact reasonably available for the support of the institutionalized spouse." The Iowa Department of Social Services has now modified its procedure in compliance with the Court's Order.

According to our records, you are a member of the class in whose behalf this case was brought. In accordance with the Court's Order the Department is under an obligation to return to you any amounts over and above those which would have represented a reasonable contribution to your spouse's care and which you would have been able to contribute at a given time in the past. The Department must now compute your reasonable past contribution, and once that figure is reached, it can be determined whether or not you will be eligible to have any amount returned to you. You should contact your local office of the Department of Social Services to arrange for a determination of the amount which would have represented an appropriate contribution to your spouse's care in the past. If the Department determines that you are not eligible to be reimbursed, or if you disagree with the amount which they reach, you will, of course, have the right to appeal that decision in the normal manner.

Although you are under no obligation to take any action in response to this letter, it is to your benefit to do so. In the event it is determined that the originally computed amount was less than that you could reasonably have been expected to pay under the modified method of computation, you will not be required to make up the difference. On the other hand, if the Department previously required you to pay an amount greater than that determined under the modified method of computation you will be refunded the difference. You should contact your local office of the Department of Social Services to arrange for a determination of the amount you could have been expected to contribute under the modified method of computation.

If you have any questions about this letter or the procedure it outlines, you should contact the Department of Social Services, your own attorney, or your nearest legal aid or legal assistance office.

---

Victor Preisser, Commissioner of the Iowa Department of Social Services.