**GRAY PANTHERS, Plaintiff,**

**v.**

**SECRETARY, DEPARTMENT OF HEALTH, EDUCATION AND WELFARE et al., Defendants.**

Civ. A. No. 78–0661.

United States District Court, District of Columbia.

Dec. 8, 1978.

Gill Deford, Neal S. Dudovitz, Los Angeles, Cal., Stephen Allen, Toby S. Edelman, Washington, D. C., for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., Anthony J. Steinmeyer, Rebecca L. Ross, Washington, D. C., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case is before the Court on cross motions for summary judgment.[1] The basic issue in this case is whether regulations [2] promulgated by the defendants, which allow states to "deem" income from a non-institutionalized spouse available to an institutionalized spouse, are inconsistent with the requirements of the Medicaid statute, in particular 42 U.S.C. § 1396a(a)(17). The Court finds there to be no genuine issue of material fact in dispute and, for the reasons hereinafter stated, will grant summary judgment to the plaintiff on its statutory claim for relief.

### I. BACKGROUND

Plaintiff, Gray Panthers seeks in this action to invalidate as inconsistent with the Medicaid statute regulations promulgated by the defendants which allow certain states to "deem" available to an institutionalized spouse income from the noninstitutionalized spouse.

Medicaid is a cooperative federal-state program established pursuant to Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq. In accordance with the Act, the Secretary of Health, Education and Welfare promulgates regulations, through the Administrator of the Health Care Financing Administration, which supplement the statutes in providing the framework in which participating states must develop and operate their Medicaid programs. States are not required to institute a Medicaid program, but if they choose to do so, they must submit to the Secretary of HEW a satisfactory "state plan" which fulfills all requirements of the Act. 42 U.S.C. § 1396a. The state plan describes the nature and scope of the state's Medicaid program and provides assurances that the state will administer its program in conformity with the requirements of the federal statute, regulations, and other applicable official issuances of the Department. 45 C.F.R. § 201.2. If the state submits a plan which fulfills all the requirements of the Act, the Secretary must approve it. 42 U.S.C. § 1396a(b). The state thereupon becomes entitled to grants of federal funds in reimbursement of a portion of the expenditures which it makes in providing specific types of medical assistance to eligible individuals under the plan in accordance with the federal conditions. 42 U.S.C. § 1396b; 45 C.F.R. § 201.5.

Section 1902 of the Social Security Act, 42 U.S.C. § 1396a, provides, in pertinent part:

(a) A state plan for medical assistance must—

     *    *    *    *    *    *

(17) include reasonable standards . . . for determining eligibility for and the extent of medical assistance under the plan which (A) are consistent with the objectives of this subchapter, (B) provide for taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, available to the applicant or recipient . . ., (C) provide for reasonable evaluation of any such income or resources, and (D) do not take into account the financial responsibility of any

---

1. Plaintiff initially filed a motion for partial summary judgment which sought judgment only as to the statutory claim. However, in its reply to defendants' motion for summary judgment, the plaintiff expanded its initial motion to one for summary judgment on all claims. *See* Plaintiff's Reply Memorandum at 1 n. 1 (October 13, 1978).

2. New regulations were made final since the motions were filed. The parties, however, have stipulated that these new regulations (42 C.F.R. §§ 435.734, 436.602 and 436.711) have the same effect as the prior regulations (42 C.F.R. §§ 448.3(b)(1), (4), and 448.21(a)(2). *See* Stipulation (November 22, 1978). To be consistent with the papers in this case, the Court's Memorandum Opinion and Order will use the former regulations—but the parties should consider references to the prior regulations to be references to the appropriate present ones.

individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individual's spouse or such individual's child . . ..

Prior to April 13, 1977, all participating states were subject to the same controlling federal regulations. Section 248.3 of Title 45 of the Code of Federal Regulations stated that, with respect to the categorically needy and the medically needy (if included in the state plan), a state plan must "provide that only such income and resources as are *actually available* will be considered and the income and resources will be reasonably evaluated." (emphasis added). On the basis of section 1902(a) of the Act and these regulations states were expected to evaluate the eligibility of individuals applying for Medicaid who required institutionalization and whose spouses continued to live in the couple's home. Despite the requirement that only "available income" should be considered, states considered an arbitrary portion of the income of non-institutionalized spouses available for the care of institutionalized spouses whether in fact that income was available and whether the noninstitutionalized spouse was actually able to make such an amount available. This imputing of income on the basis of an arbitrary formula, without regard to the amount actually available to the institutionalized spouse, is commonly referred to as "deeming."

New regulations were promulgated and finalized, effective April 13, 1977. The introductory language of the regulations read, in part:

(b) With respect to both the categorically needy and, if they are included in the plan, the medically needy, a State plan must:

(1) *General.* Provide that only such income and resources as are considered available under the provisions of this section may be considered as an applicant's or recipient's income in determining eligibility or the amount of assistance and

that income and resources will be reasonably evaluated.

42 C.F.R. § 448.3. The effect of this new introductory language is the imposition of different requirements amongst the various jurisdictions. The thirty-four states and the District of Columbia which automatically provide Medicaid assistance to recipients of Supplementary Security Income ["SSI"] are now specifically required to use the SSI rules on availability of income. 42 Fed.Reg. 2685. When Congress initially created SSI, it intended to require that all states provide Medicaid assistance automatically to all SSI recipients. Because this would have resulted in a huge increase in the Medicaid rolls in the various states, and Congress feared that some states might opt out of the Medicaid program altogether, Congress added a provision which gave states the option of utilizing more restrictive eligibility conditions. Under this provision, section 1902(f) of the Act, 42 U.S.C. § 1396a(f), a state was permitted to use any financial eligibility condition which was no more restrictive than that in use under the state's January 1972 eligibility conditions for its categorical programs. Therefore, those states which elect this option may deem income available from noninstitutionalized spouses which may not· in fact be available. At present, fifteen states have chosen the optional basis for determining Medicaid eligibility provided by 42 U.S.C. § 1396a(f).

In its complaint, plaintiff raises three claims for relief. First, plaintiff claims that the "deeming" of income from a non-institutionalized spouse to an institutionalized Medicaid recipient is in violation of 42 U.S.C. § 1396a(a)(17), and is, therefore, void. Second, plaintiff contends that the "deeming" of income creates an irrebuttable presumption which violates the due process clause of the fifth amendment. Third, plaintiff contends that the deeming of income violates the equal protection component of the due process clause of the fifth amendment.[3]

---

**3.** Because of the Court's resolution of the statutory issue, the Court need not and should not

reach the constitutional issues raised by the plaintiff. *See Rosado v. Wyman,* 397 U.S. 397,

## II. DISCUSSION

The issue presented for resolution is whether the deeming of income between spouses separated by institutionalization, permitted by 42 C.F.R. §§ 448.3(b), 448.-21(a)(2) violates the requirements of 42 U.S.C. § 1396a(a)(17) of the Medicaid statute. The Court, after careful consideration of the extensive memoranda filed and the relevant authorities, finds that deeming is inconsistent with the statute.[4] This conclusion is based on the language of the statute, its legislative history and case law interpreting it.

As noted above, 42 U.S.C. § 1396a(a)(17) provides, in pertinent part, that a state plan for medical assistance must include reasonable standards for determining eligibility which

(B) provide for taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, available to the applicant or recipient . . ., (C) provide for reasonable evaluation of any such income or resources, and (D) do not take into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individual's spouse or such individual's child . . . ..

The statute clearly states that only such income and resources as are "available to the applicant" may be taken into account.

The phrase "as determined in accordance with standards prescribed by the Secretary" allows the Secretary to prescribe broad standards for determining what is "available;" however, this phrase does not allow the Secretary to determine in a wholesale fashion what *should* be available to the applicant.[5] This interpretation is clear from the legislative history of the statute.

The Senate Finance Committee, which prepared the report on the Medicaid statute, states:

Another provision is included that requires States to take into account only such income and resources as (*determined in accordance with standards prescribed by the Secretary*), are *actually available* to the applicant or recipient . . .

S.Rep. No. 404, 89th Cong., 1st Sess. 78, *reprinted in* [1965] U.S.Code Cong. & Admin.News, pp. 1943, 2018 (emphasis added). Thus, it is clear that the phrase "determined in accordance with standards prescribed by the Secretary" in subpart (B) was not intended to remove the requirement that only "actually available" income and resources would be considered.

If there were any doubt as to whether deeming violates the Medicaid statute, such doubt evaporates when the purpose of 42 U.S.C. § 1396a(a)(17) is considered. According to the Finance Committee,

[t]hese provisions are designed so that the States will not assume the availability of

---

402, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

4. Although defendants have raised an objection to plaintiff's standing to bring this action, the Court finds, upon review of the affidavits and complaint, that plaintiff has standing because its members would have standing to sue in their own right. *See Hunt v. Washington Apple Advertising Co.,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); Affidavits of Smith (September 5, 1978), Sandifer (September 5, 1978), Goldfarb (November 7, 1978), and Pittman (November 12, 1978).

5. Subpart (D) of the statute is not to the contrary. That subpart merely prohibits a state from taking into account the "financial responsibility" of anyone except spouses and parents. While it may allow a state to enforce its finan-

cial responsibility laws against a spouse or parent, this subpart does *not* suggest that the amount of contribution from that person should be a deemed amount. In fact, this is exactly what Congress had intended subpart (D) to mean.

The committee believes it is proper to expect spouses to support each other and parents to be held accountable for the support of their minor children and their blind or permanently and totally disabled children even though 21 years of age or older. Such requirements for support may reasonably include the payment *by such relative, if able,* for medical care.

S.Rep. No. 404, 89th Cong., 1st Sess. 78, *reprinted in* [1965] U.S.Code Cong. & Admin. News, pp. 1943, 2018 (emphasis added).

income *which may not, in fact, be available* . . .

S.Rep. No. 404, *supra* (emphasis added). By applying an arbitrary formula, unrelated to the expenses of a particular couple's needs, deeming may well result in states "assum[ing] the availability of income which may not, in fact, be available." This would, therefore, be directly contrary to the purpose of the statute.

Thus far, every court that has been confronted with the validity of the deeming procedure has found it to be in violation of the Medicaid statute. In *Herweg v. Ray,* 443 F.Supp. 1315, 1319 (S.D.Iowa 1978), the court noted:

> This Court joins other courts in holding that state procedures which "deem" a computed portion of a spouse's income to be available for an institutionalized spouse's expenses by the application of an arbitrary formula are contrary to 42 U.S.C. § 1396a(a)(17) as shown by its language and the expressed Congressional intent.

> \* \* \* \* \* \*

> In the Court's opinion, the state procedure must provide for a factual determination in each instance of the amount of the spouse's income which is in fact reasonably available for the support of the institutionalized spouse. Otherwise the procedures will be in conflict with 42 U.S.C. § 1396a(a)(17). Such determination must give due consideration to the individual obligations and the particular needs of each spouse and family.

*See Norman v. St. Clair,* No. 77–1722 (5th Cir. April 11, 1977) (Order of Judge Ainsworth granting injunction pending appeal to a couple challenging the deeming procedure); *Manfredi v. Maher,* 435 F.Supp. 1106, 1114 (D.Conn.1977) ("It was Congress' intent, as reflected in the legislative history . . ., that spouses be obliged to support each other only 'if able.' U.S.Code

Cong. & Admin.News 1943, 2018 (1965)." [6]) Moreover, in *Burns v. Vowell,* 424 F.Supp. 1135 (S.D.Texas 1976), the court scrutinized the legislative history of 42 U.S.C. § 1396a(a)(17) and concluded that

> deeming is never a proper procedure within the requirements for the establishment of means for reasonably evaluating financial responsibility of non-institutionalized spouses . . . [T]he income of a non-institutionalized spouse can [only] be considered . . . through the application of reasonable standards and not on the basis of an irrebuttable presumption that the money is available for the care and support of the institutionalized spouse. Deeming . . . is not consistent with the federal statutes and regulations, and cannot be employed to impute income.

424 F.Supp. at 1140–41. Accordingly, this Court is convinced that the deeming procedure violates the Medicaid statute, and, therefore, is invalid.

## III. CONCLUSION

The Court has carefully analyzed the language of the statute, its legislative history, and the pertinent case law. All unequivocally indicate that the deeming procedure—42 C.F.R. §§ 448.3(b)(1), (4); 448.21(a)(2)—is inconsistent with the requirements of the Medicaid statute, 42 U.S.C. § 1396a(a)(17).

An Order in accordance with the foregoing will be issued of even date herewith.

---

6. The court in *Franssen v. Juras,* 406 F.Supp. 1375 (D.Or.1975) appears to also have found deeming invalid. While there is some language in the opinion which may suggest that the presence of a relative responsibility law is determinative, the court expressly noted that the state must "reasonably evaluat[e] the income and resources actually available . . . [and] impose responsibility conform[ing] to federal law." 406 F.Supp. 1379. *See Burns v. Vowell,* 424 F.Supp. 1135, 1140–41 (S.D.Texas 1976).