NURSING HOME RESIDENTS' ADVISORY COUNCIL, and Ernest Erickson, on behalf of himself and others similarly situated, Plaintiffs,

and

Jackson F. Sanford, Intervening Plaintiff,

v.

Howard KELLY and George Collias, Individually and as Program Directors of the Hennepin County Welfare Department, and Thomas Ticen, John Derus, Sam Sivanich, Jeff Spartz, Nancy Olkon, E. F. Robb, Jr., and Richard Kremer, Individually and as members of the Hennepin County Welfare Board, and Robert Baird, Individually and as Assistant Commissioner of the Minnesota Department of Public Welfare, and Edward Dirkswager, Jr., Individually and as Commissioner of the Minnesota Department of Public Welfare, Defendants.

No. 4–78 Civ. 156.

United States District Court,
D. Minnesota,
Fourth Division.

May 30, 1979.

Legal Aid Society of Minneapolis by Laurie N. Davison, and Michael Fargione, Minneapolis, Minn., appeared for plaintiffs and intervening plaintiff.

Warren R. Spannaus, Atty. Gen., State of Minnesota, by Paul G. Zerby, Asst. Atty. Gen., and Ellen C. Dubuque, Sp. Asst. Atty. Gen., St. Paul, Minn., appeared for defendants Dirkswager and Baird.

Gary W. Flakne, Hennepin County Atty., by Douglas J. McClellan, Asst. County Atty., Minneapolis, Minn., appeared for defendants Kelly, Collias, and members of the Hennepin County Welfare Bd.

## MEMORANDUM ORDER FOR JUDGMENT

ALSOP, District Judge.

This matter comes before the court on cross-motions by the plaintiffs and the defendants for summary judgment pursuant to Rule 56 of the Fed.R.Civ.P. Defendants have also moved for dismissal pursuant to Rule 12(b) or summary judgment pursuant to Rule 56 for lack of subject matter jurisdiction.

This court has ruled on the issue of subject matter jurisdiction in its memorandum order of May 19, 1978. The court found that it does have jurisdiction in the matter, and it granted preliminary injunctive relief to the plaintiff Ernest Erickson on a showing of sufficiently serious questions on the merits and a balance of the hardships tipping decidedly in his favor. This preliminary relief subsequently was extended to the class of plaintiffs certified by this court on October 31, 1978.

The issue presented in this case is whether the denial of Medical Assistance (MA) benefits by the State of Minnesota to a nursing home resident applicant who together with his or her spouse holds a homestead interest in real property with an equity in excess of the statutory maximum and whose spouse refuses to consent to sell or encumber the property violates the applicant's constitutional rights of due process or equal protection and/or federal law. Plaintiffs seek declaratory and injunctive relief as well as attorney's fees. The issue of attorney's fees is not before the court at this time.

Plaintiffs are an association representing and a class of "nursing home residents in the State of Minnesota who live apart from their spouses and whose eligibility for Medical Assistance benefits has been or will be denied or terminated because of equity in a homestead in which the spouse resides even though the spouse does not consent to its sale or encumbrance." The stated ground for denial is "excess equity in real property."

Defendants are state and county officials who are responsible for the administration of the Medical Assistance program in Minnesota.

The constitutional issues as raised by plaintiffs are (1) whether the defendants' denial of MA benefits to plaintiffs when benefits are provided to others who have identical medical needs and available resources with the exception of the joint homestead equity interest violates the equal protection clause and (2) whether the defendants' denial of MA benefits to plaintiffs because of excess equity without a prior determination that such equity is actually available to the applicant violates the due process clause. The statutory issue presented is whether the defendants' policy violates the federal statute and regulations which limit the eligibility determination to only such resources as are actually available to the applicant.

The court agrees with the parties that the case is ripe for summary judgment.

The issues presented are legal; there is no dispute as to any material fact. The factual record before the court is contained in two stipulations submitted by the parties and on file herein. The pertinent facts are as follows:

1. Pursuant to Minn.Stat. § 256B.06, subd. 1(7) (1978) and Department of Public Welfare (DPW) Rule 47C.4.b.(1), the Minnesota DPW permits a local welfare agency to deny eligibility to an applicant for Medical Assistance who together with his or her spouse has net equity in real property used as a home in excess of a statutory maximum, even though the applicant resides in a nursing home and the spouse resides in the homestead.

2. The spouse's consent or refusal to consent to sell, mortgage, or otherwise alienate the homestead property is not taken into consideration in determining the eligibility of the applicant; the equity interest is presumed to be a resource available to the applicant.

3. This policy is applied in those instances where the spouses are separated because of one spouse's living in a nursing home.

4. In determining the MA eligibility of a married couple who reside together in the same household, the local agency considers the total equity in real property used as a home whether owned jointly by the couple or individually by either spouse.

5. In determining the MA eligibility of an individual who is married but who "voluntarily" resides separately from his or her spouse, the local agency considers the equity in real property used as a home whether owned jointly by the couple or individually by the applicant-spouse only if the non-applicant spouse consents to alienation or other liquidation of the equity.

6. In determining the MA eligibility of an individual who is married but who lives separately from his or her spouse because of the need to live in a nursing home, the local agency considers the total equity in real property used as a home whether owned jointly by the couple or individually by either spouse.

7. Pursuant to Minn.Stat. § 256B.07 (1975) and DPW Rule 47C.4.b.(1)(a), the local agency may waive the excess equity limitation in situations where it determines that conversion or liquidation would result in undue hardship.

8. Estelle Bakke, by and through her guardian ad litem, Beverly Hage, has been appointed the class representative in this action. She owns in joint tenancy with her husband, Arnold Bakke, homestead property with an equity in excess of the statutory maximum. Arnold Bakke refuses to sell or encumber the home in which he resides. Estelle Bakke is a nursing home resident who was denied MA benefits because her husband has real and personal property in excess of the maximum.

9. Under Minnesota law one spouse is unable to alienate or liquidate the equity in the homestead without the other spouse's consent.

The court will address itself first to the statutory claim. *See Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Plaintiffs seek to invalidate the eligibility policy described above as being inconsistent with Title XIX of the Social Security Act, 42 U.S.C. §§ 1396, *et seq.* Title XIX establishes the cooperative federal/state program known as Medicaid. States are not required to participate in the program, but, if they choose to do so, they must comply with the federal statute and regulations to be entitled to grants of federal funds in partial reimbursement for their expenditures in providing specific types of medical assistance to eligible individuals. *West v. Cole*, 390 F.Supp. 91, 97 (N.D.Miss.1975).

With respect to determining eligibility for MA benefits, 42 U.S.C. § 1396a(a)(10)(A) requires participating states to provide MA coverage to all recipients of Supplemental Security Income (SSI). A limited exception to this requirement is found in 42 U.S.C. § 1396a(f) which allows a participating state to exclude SSI recipients from MA coverage unless the state would have been required to provide MA to such persons under the medical assistance program in

effect in that state on January 1, 1972. *Lewis v. Shulimson*, 400 F.Supp. 807, 810 (E.D.Mo.1975), *aff'd* 534 F.2d 794 (8th Cir. 1976), *cert. denied sub nom Gourley v. Lewis*, 430 U.S. 940, 97 S.Ct. 1570, 51 L.Ed.2d 786, *reh. denied* 431 U.S. 934, 97 S.Ct. 2643, 53 L.Ed.2d 251; *Webb v. Aggrey*, 447 F.Supp. 17, 19 (N.D.Ohio 1977); *West v. Cole*, 390 F.Supp. 91, 96 (N.D.Miss.1975).

Minnesota is one of approximately fifteen states which have chosen the optional basis for determining MA eligibility provided by 42 U.S.C. § 1396a(f). Plaintiffs do not challenge the Minnesota Statute which restricts eligibility to an applicant who "alone, or together with his spouse, does not have net equity in real property used as a home in excess of $25,000 . . . ." M.S.A. § 256B.06 Subd. 1(7) (1978).

What plaintiffs are challenging is the operation of DPW Rules 47C.4.b.(1) and 47C.5.a. which read as follows:

C.4.b. Resources

(1) Real property. Medical Assistance may be available to any individual who, either alone or together with his/her spouse, does not have equity in real property exceeding that permitted under state law.

(a) In situations where the appropriate local welfare board determines that an applicant/recipient's excess equity in real estate cannot be converted into cash to meet his current maintenance needs, or that liquidation of the property would result in an undue hardship, the board may waive the equity limitation.

C.5.a. In determining an applicant's eligibility for medical assistance, the income and resources of a responsible relative shall be considered in the following manner:

(1) Income and resources of spouses living together in the same household are to be considered available one to the other without proof of actual contribution. . . .

(2) If an applicant for or recipient of medical assistance does not reside in the same household as a spouse, only the income and resources actually contributed by the spouse may be considered in determining medical assistance eligibility for the applicant or recipient.

Defendants interpret "spouses living together in the same household" in 47C.5.a.(1) to include those spouses who are "involuntarily" living apart because one spouse is in a nursing home.

Plaintiffs' position is that this policy is in direct violation of 42 U.S.C. § 1396a(a)(17) which reads in part as follows:

A State plan for medical assistance must —(17) include reasonable standards . . for determining eligibility for and the extent of medical assistance under the plan which (A) are consistent with the objectives of this subchapter, (B) provide for taking into account only such income and resources as are, as determined in accordance with the standards prescribed by the Secretary, available to the applicant or recipient and . . . in determining his eligibility for such aid, assistance, or benefits, (C) provide for reasonable evaluation of any such income or resources, and (D) do not take into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individual's spouse . . . ."

▇ Defendants' response is twofold. First, they contend that the provisions of § 1396a(a)(17) are not applicable to a state using the § 1396a(f) eligibility option since § 1396a(f) begins "Notwithstanding any other provision of this subchapter, . . ." This court follows the interpretation of § 1396a(f) as set out in the cases cited above. Section 1396a(f) is only a limited exception to the eligibility requirements of § 1396a(a)(10)(A) and does not free a participating state from compliance with the broad requirements of § 1396a(a)(17). The court further notes M.S.A. § 256B.22 which reads in part as follows:

The various terms and provisions hereof, . . . ., are intended to comply with and

give effect to the program set out in Title XIX of the federal Social Security Act.

Second, defendants claim that the federal regulations in effect in 1972, which admittedly apply to Minnesota's program, and § 1396a(a)(17) are not violated by their treatment of homestead property in determining eligibility. Like § 1396a(a)(17), the regulations in effect in 1972 (45 C.F.R. § 248.21(a)(2) and 45 C.F.R. § 233.-20(a)(3)(vi)) require that only "such income and resources as are actually available will be considered and that such income and resources will be reasonably evaluated" in determining eligibility.

As stipulated by the parties, in Minnesota, one spouse is unable to alienate or liquidate homestead property without the other spouse's consent. M.S.A. § 507.02. Thus, even though the institutionalized MA applicant may hold a joint tenancy interest in the property, he or she is unable to convert that asset to cash without the consent of the spouse.

Plaintiffs argue that in circumstances where the non-applicant spouse refuses to consent to the sale or the encumbrance of the property, the institutionalized applicant's interest in the property is no longer a resource which is "available" to the applicant. They cite *National Welfare Rights Organization v. Mathews*, 174 U.S.App.D.C. 410, 533 F.2d 637 (1976), for the proposition that an asset is available only to the extent that it can be converted into cash to be used to support oneself.

Defendants take the position that the applicant's ownership interest in the property is sufficient to satisfy the availability requirement. They further urge that the waiver provision for undue hardship creates an exception which comes into operation when the equity interest is "truly" unavailable, *i. e.*, where a bank refuses to lend money on the basis of the property interest.

Plaintiffs dispute the waiver argument on the grounds that granting a waiver is within the discretion of the local welfare agency; thus, a determination of availability may be, and has been, made even when the non-applicant spouse refuses to consent to the sale or encumbrance and the applicant is consequently unable to convert the asset.

The case which most closely resembles that presented to the court is *Manfredi v. Maher*, 435 F.Supp. 1106 (D.Conn.1977). Connecticut, like Minnesota, uses the § 1396a(f) eligibility option. The district court in *Manfredi* found that it is "unreasonable, within the meaning of 42 U.S.C. § 1396a(a)(17)(C), for a state to assess the income of two persons on the theory that they maintain a single household, when it is a recognized fact that one member of that couple is confined to a long-term medical care facility." *Id.* at 1113. The court held that once a couple, otherwise eligible for medical benefits, becomes actually separated on a non-temporary basis due to the institutionalization of one of them for health reasons, the state must consider the income and resources of each separately in assessing eligibility.

In *Franssen v. Juras*, 406 F.Supp. 1375 (D.Or.1975), the district court also concluded that when one spouse is in a nursing home, the couple is living apart and the income of one cannot be presumed to be available to the other. Stated simply, "Living together does not mean living apart, even in the eye of the Public Welfare Division." *Id.* at 1379.

*Burns v. Vowell*, 424 F.Supp. 1135 (S.D. Tex.1976), went a step beyond *Franssen* and held that income presumption between spouses is inconsistent with the federal statute and regulations even when neither spouse is institutionalized.

The district court in *Gray Panthers v. Secretary, Department of Health, Education and Welfare*, 461 F.Supp. 319 (D.D.C. amended on January 3, 1979), held that HEW regulations which allow states using the § 1396a(f) eligibility option to deem income of a noninstitutionalized spouse available to an institutionalized spouse are inconsistent with § 1396a(a)(17).

█ On the basis of the foregoing authorities and the evidence presented to the court, it is this court's conclusion that de-

fendants' policy of considering an institutionalized MA applicant's equity interest in homestead property an available resource when in fact the applicant's noninstitutionalized spouse refuses to consent to the sale or encumbrance of the property is inconsistent with the federal statute and regulations which require that only such income and resources as are available to the applicant be considered in determining eligibility for MA benefits. This conclusion in no way affects the right of the state to pursue any claim it may have for contribution from the noninstitutionalized spouse pursuant to relative responsibility laws.

In view of the court's determination of the statutory issue, it is unnecessary for it to reach the constitutional challenges presented.

Upon the foregoing,

IT IS ORDERED That plaintiffs' motion for summary judgment be and hereby is granted and defendants' motion for summary judgment be and hereby is in all things denied.

IT IS FURTHER ORDERED That judgment be entered in favor of plaintiffs as against defendants as follows:

Defendants' policy in determining eligibility for Medical Assistance benefits of considering the equity interest in homestead property of a nursing home resident applicant as an available resource when the applicant's spouse resides in the homestead and refuses to consent to its sale or encumbrance is inconsistent with Title XIX of the Social Security Act and the regulations promulgated thereunder.

IT IS FURTHER ORDERED That a permanent injunction in the form attached shall issue.