**GRAY PANTHERS, Plaintiff,**

v.

**ADMINISTRATOR, HEALTH CARE FINANCING ADMINISTRATION, et al., Defendants.**

**Civ. A. No. 82-2732.**

United States District Court, District of Columbia.

July 15, 1983.

Gill Deford, Los Angeles, Cal., Burton D. Fretz, Washington, D.C., Neal S. Dudovitz, Marie Y. Janiewski, Los Angeles, Cal., and Toby S. Edelman of the National Senior Citizens Law Center, Washington, D.C., for plaintiff.

Marta W. Berkley and Lewis K. Wise of the Dept. of Justice, Washington, D.C., with whom J. Paul McGrath, Asst. Atty. Gen., and Stanley S. Harris, U.S. Atty., Washington, D.C., were on brief and Juan A. del Real, Ann T. Hunsaker and David R. Smith, Dept. of Health and Human Services, Washington, D.C., were of counsel for defendants.

## OPINION

CHARLES R. RICHEY, District Judge.

The Court has before it Plaintiff's Motion for Summary Judgment, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, the parties' memoranda in opposition to these motions, supplementary memoranda and the entire record herein. Plaintiff, a national organization dedicated to helping the nation's elderly, seeks to have certain Medicaid regulations declared invalid. These regulations permit states to "deem" income from a non-institutionalized spouse, to be available to an institutionalized spouse, in determining eligibility for Medicaid benefits. Plaintiff challenges the regulations on three grounds: (1) that they violate the provisions of the Medicaid statute requiring "comparability" in the treatment of medically needy and categorically needy individuals; (2) that they create irrebuttable presumptions in violation of the Due Process clause and; (3) that they violate the Due Process clause by placing an impermissible burden on the right to marry. The Court finds that there are no genuine issues of material fact in dispute and rules for defendants for the reasons set forth herein.

## BACKGROUND

This suit is the successor to C.A. No. 78–0661. The original complaint in that case was filed on April 13, 1978. In it, plaintiff challenged the deeming regulations issued by the Secretary of Health, Education and Welfare (now Health and Human Services' Health Care Financing Administration) on the ground that the regulations violated the "availability" requirement of the Medicaid statute. 42 U.S.C. § 1396a(a)(17)(B). The plaintiff also asserted the two due process challenges presented in this case.

On cross motions, the Court granted summary judgment for plaintiff based on its statutory challenge. 461 F.Supp. 319 (1978). The Court thus found it unnecessary to address the constitutional arguments. The United States Court of Appeals for the District of Columbia Circuit affirmed this Court's judgment on the independent ground that the Secretary failed to consider all relevant factors in promulgating the deeming regulations. 629 F.2d 180 (D.C.Cir.1980). The Supreme Court, however, reversed the decision of the Circuit Court and remanded, noting that the constitutional issues were still open. 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981). The Circuit Court, in turn, remanded to this Court.

On remand, plaintiff informed the Court that it intended to continue to press its constitutional claims. Additionally, defendants agreed to allow plaintiff to amend its complaint to add its "comparability" challenge in light of changes in the Medicaid statute effected by passage of the Omnibus Budget Reconciliation Act. The statute underwent further changes upon the passage of the Tax Equity and Fiscal Responsibility Act ("TEFRA"). In light of these changes, plaintiff dismissed C.A. No. 78–0661 and filed this case. The three questions presented, however, are the same: whether the current regulations violate the "comparability" requirement of the Medicaid statute; whether deeming violates the Due Process clause by creating an irrebuttable presumption; and, whether deeming impermissibly burdens the right to marry in violation of the Due Process clause.

## PLAINTIFF'S STATUTORY CHALLENGE IS NOT RIPE FOR JUDICIAL REVIEW.

■ Plaintiff's first challenge to defendants' regulations is under the Medicaid statute. Plaintiff alleges that the Medicaid statute requires that medically and categorically needy individuals receive comparable benefits and challenges the deeming regulations for failure to provide such comparability. Defendants have conceded that the Tax Equity and Fiscal Responsibility Act invalidated those regulations.[1] However,

---

1. Plaintiff confines this concession to "SSI States." For an explanation of the distinction between "SSI States" and "209(b) States," see 453 U.S. at 38–39, 101 S.Ct. at 2637–2638.

the regulations have not been officially rescinded.[2] Plaintiff seeks a Court Order requiring rescission of the deeming regulations and promulgation of new regulations in compliance with the Medicaid statute.

The problem with this argument, however, is that it is not yet ripe for judicial review. While the regulations that plaintiff challenges *allow* states to adopt rules which do not require comparability, at this time not a single state has adopted such a rule. Furthermore, defendants have stated that they would not approve such rules should a state seek to adopt them because defendants agree that rules which do not provide comparability would violate the Medicaid statute.[3] All that plaintiff can put before the Court at this juncture is the eventuality that some state could propose rules which provide for different deeming between medically and categorically needy individuals, and the possibility that defendants will approve those rules. The Court holds that this does not present a controversy that is ripe for judicial determination. *See, e.g., Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). There is no ripeness problem, however, with plaintiff's two constitutional claims.

### THE DOCTRINE OF IRREBUTTABLE PRESUMPTIONS IS INAPPLICABLE TO THIS CASE.

██ Plaintiff's first constitutional challenge alleges that the deeming regulations create two irrebuttable presumptions that violate the due process clause. These are: (a) that the non-institutionalized spouse can live· on the amount not deemed; and (2) that the amount deemed is actually contributed to the institutionalized spouse. How-

ever, the entire doctrine of irrebuttable presumptions is inapplicable to this case. It has been firmly established, that the line of cases holding irrebuttable presumptions unconstitutional is not to be applied to cases involving eligibility determinations under social welfare programs. *See Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In declining to extend the doctrine of irrebuttable presumptions to cases such as this the Supreme Court stated:

> We think that the Court's extension of the holdings in *Stanley* [*v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551], *Vlandis* [*v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63] and [*Cleveland Board of Education v.*] *LaFleur* [414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52] to the eligibility requirement in issue here would turn the doctrine of those cases into a virtual engine of destruction for countless legislative judgments which have heretofore been thought wholly consistent with the Fifth and Fourteenth Amendments to the Constitution.

*Id.* at 772, 95 S.Ct. at 2470.

██ Because of the types of determinations which must be made in administering social welfare programs, the Supreme Court has indicated that the proper standard of review in such cases is minimum rationality. *Id. See also Califano v. Jobst,* 434 U.S. 47, 54, 98 S.Ct. 95, 99, 54 L.Ed.2d 228 (1977); *Mathews v. DeCastro,* 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976). In order to pass muster under the standard of minimum rationality, the challenged regulations must be rationally related to legitimate legislative objectives. The

---

This limitation does not affect the Court's holding here.

**2.** Defendants submitted a memorandum to the Court on January 20, 1983 stating that "in order to clarify any possible misunderstanding . . . concerning the effect the enactment of TEFRA had on [the challenged] regulations, HHS has published [a] General Notice in the Federal Register" which states that these regulations are superseded by TEFRA to the extent that

there is any conflict. Moreover, defendants have represented that these regulations will be rescinded and new regulations will be promulgated by December, 1983. The Court is not satisfied that either of these indications is equivalent to the official revocation of regulations that even defendants admit are invalid.

**3.** Again, defendants limit this concession to SSI states.

deeming regulations at issue here have a reasonable relationship to two goals: the efficient administration of a program to provide medical assistance to a large number of needy individuals and the prevention of non-needy persons from exhausting the limited financial resources available to that program. The Court holds that this is sufficient to satisfy the minimum rationality standard.[4]

This Court's decision to uphold defendants' deeming regulations is consistent with a recent Fifth Circuit case confronting the same questions presented here, *Norman v. St. Clair,* 610 F.2d 1228 (1980). In *Norman,* a class of Medicaid recipients claimed that deeming created an irrebuttable presumption that denied them due process and violated their rights of equal protection. The Court rejected these arguments finding that "the deeming process is an acceptable and rational response to legislative concern over abuses of the Medicaid program by spouses who are not financially needy." *Id.* at 1243.

The Court recognizes that, at times, application of the deeming regulations may result in inequity. But as the Supreme Court noted in *Salfi,* "[g]eneral rules are essential if a fund of this magnitude is to be administered with a modicum of efficiency, even though such rules inevitably produce seemingly arbitrary consequences in some individual circumstances." 422 U.S. at 776, 95 S.Ct. at 2472. The Supreme Court has often upheld determinations of eligibility for public benefits on the basis of set monetary levels and has emphasized the broad discretion given to states in setting such standards. *See Jefferson v. Hackney,* 406 U.S. 535, 545, 92 S.Ct. 1724, 1730, 32 L.Ed.2d 285 (1972); *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). In sum, it is clear that the Court is not empowered to second guess government officials in such matters, so long as, as here,

the standards they establish are reasonably related to legitimate legislative objectives.

## THE DEEMING REGULATIONS DO NOT IMPERMISSIBLY BURDEN THE RIGHT TO MARRY.

In its second constitutional challenge, plaintiff contends that the Medicaid deeming regulations place a severe burden on the right to be married, which violates the fifth amendment guarantee of due process. It claims that defendants' regulations "unquestionably discriminate against married couples" since non-institutionalized spouses "are forced to live at poverty level in order to ensure that their spouses are not deprived of necessary health care." Plaintiff's Memorandum in Support of Summary Judgment at 29. Plaintiff further argues that this situation will lead inexorably to the end of marriages. This Court does not agree that the deeming regulations place an impermissible burden on the right to marry. Rather, the Court agrees with the Fifth Circuit's assessment in *Norman v. St. Clair* that the regulations "only incidentally burden[ ] the marriage relationship." 610 F.2d at 1243.

■ The Supreme Court has repeatedly recognized the basic differences between direct and indirect interference with a protected activity, with only the former being prohibited. *See, e.g., Maher v. Roe,* 432 U.S. 464, 475, 97 S.Ct. 2376, 2383, 53 L.Ed.2d 484 (1977). This case clearly sets forth only a case of indirect interference with the marital right. *Compare* this case with *Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967). The deeming regulations simply recognized that marriage generally entails changed responsibilities. *See also Califano v. Jobst,* 434 U.S. 47, 54 n. 11, 98 S.Ct. 95, 100 n. 11, 54 L.Ed.2d 228 (1977). They assume that in the event of illness one spouse will accept responsibility for providing the other with medical care. *See Norman v. St. Clair,* 610 F.2d at 1236. This

---

4. Moreover, although not deciding the case on constitutional grounds, the Supreme Court acknowledged the reasonableness of deeming in

*Schweiker v. Gray Panthers,* 453 U.S. at 47–48, 101 S.Ct. at 2642.

judgment does not constitute a direct burden on marriage.

By contrast to the Supreme Court's decision in *Califano v. Jobst,* it is clear that the situation here does not impermissibly burden the marital right. 434 U.S. 47, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977). In *Jobst,* a social security beneficiary challenged a Social Security Act provision that operated to cut off benefits to disabled children upon marriage to non-beneficiaries. Jobst claimed that this provision unconstitutionally burdened his right to marry. The Supreme Court disagreed, even though it noted that the regulations might affect a beneficiary's desire to marry and even limit potential suitors. *Id.* at 58, 98 S.Ct. at 101. *Jobst* presented a far more convincing case for interference with the right to marry than is presented here. In *Jobst,* the plaintiff stood to lose his benefits upon his decision to marry a non-beneficiary. Here, defendants merely recognized the inherent differences in the finances of single as opposed to married individuals.

Thus, because the Court finds that no fundamental right is implicated in this case, the only question is whether the defendants' regulations meet the test of minimum rationality. Pursuant to the discussion *supra,* the Court so holds, thus concluding that the challenged regulations do not violate the Due Process clause either by creating an irrebuttable presumption or by burdening the right to marry.

An order consistent with the foregoing will be issued of even date herewith.