400 F.Supp. 807 (1975)
Hariece LEWIS, Individually and on behalf of all other persons similarly situated, Plaintiff,
v.
Bert SHULIMSON, Director of Division of Welfare of the State of Missouri, Individually and in his official capacity, and Paul R. Nelson, Director of the St. Louis City Welfare Office, Individually and in his official capacity, Defendants.
No. 74-380C(3).
United States District Court, E. D. Missouri, E. D.
July 9, 1975.
*808 Walter W. Heiser, Legal Aid Society of St. Louis, St. Louis, Mo., for plaintiffs.
William J. Raack, Hearnes, Padberg, Raack, McSweeney & Slater, St. Louis, Mo., Robert R. Northcutt, Jefferson City, Mo., Chief Counsel, Missouri Div. of Family Services, for defendants.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This class action seeks injunctive and declaratory relief pursuant to 42 U.S.C. § 1983, and 28 U.S.C. § 2201 et seq. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1343. The parties have agreed that this matter may be tried upon stipulated facts and the briefs of opposing counsel.
The plaintiff, representative of the class of recipients of federal Supplemental Security Income (hereinafter SSI) benefits, seeks to have defendants enjoined from further denying medical assistance under State regulations promulgated and enforced by the defendants. The lawsuit involves issues of statutory construction of amendments to Title XIX of the federal Social Security Act, 42 U.S.C. § 1396 et seq., and certain regulations promulgated thereunder, which provide for medical assistance coverage for certain recipients of the newly implemented SSI program, and which set forth the eligibility requirements for medical assistance which must be followed by states, such as Missouri, which participate in federal-state medical assistance programs.
The plaintiff, Hariece Lewis, is a resident of St. Louis, Missouri, and maintains *809 a household for herself and her daughter. Mrs. Lewis suffers from diabetes and other medical disabilities, and has been unemployed for several years. As a direct result of these medical disabilities, the plaintiff incurs medical expenses of approximately $60.00 per month. At the present time, Mrs. Lewis' only sources of income for her and her household are SSI disability benefits of $72.00 per month, Social Security disability benefits of $87.00 per month, for herself, and Social Security benefits of $46.00 per month, for her daughter.
In December of 1973, Mrs. Lewis applied for SSI disability benefits through the federal Social Security Administration. That Administration found her eligible for such disability benefits, and she started receiving monthly SSI payments in March of 1974. The plaintiff is presently receiving the monthly SSI benefits.
The determination that a person is needy and disabled, and is therefore eligible to receive SSI benefits, does not automatically entitle one to medical assistance coverage from the defendants. Therefore, in February, 1974, Mrs. Lewis applied for medical assistance at the St. Louis City Welfare Office of the Missouri Division of Family Services. At that time, Mrs. Lewis was informed by a caseworker at the St. Louis City Welfare Office that she was ineligible for medical assistance under the Division's State Regulation No. 138, and Division Policy Memorandum PA-713 which govern eligibility of SSI recipients for medical assistance coverage. Under the aforementioned Division Regulation and Policy Memorandum, only those SSI recipients who meet the January 1, 1972, Missouri Old-Age Assistance (OAA), Aid to the Blind (AB), or Aid to the Permanently and Totally Disabled (PTD) eligibility requirements, are eligible for medical assistance coverage. Those SSI recipients who only meet the January 1, 1972, Missouri General Relief (GR) eligibility requirements are not eligible for medical assistance coverage.
It was determined by the Division that, prior to her application for medical assistance, Mrs. Lewis would have been eligible for General Relief benefits under the Division's General Relief eligibility requirements in effect in Missouri on January 1, 1972. It was also determined that she would not be eligible for OAA, AB or PTD under the Division's eligibility requirements for those programs in effect in Missouri on January 1, 1972.
At the present time, and on January 1, 1972, under § 208.151, R.S.Mo., 1969, any person receiving General Relief benefits in Missouri is eligible for medical assistance coverage. However, although Mrs. Lewis could presently qualify for state General Relief benefits, she cannot obtain General Relief and thereby obtain medical assistance because she is eligible for and receiving federal SSI benefits. Under present Missouri law, §§ 208.015 and 208.030, R.S.Mo., 1973, as implemented by Division Policy Memorandum PA-711, any person now applying for State General Relief is required to first apply for SSI benefits. If such a person is found eligible for SSI benefits, he or she cannot receive State General Relief benefits.
The legal question before the Court is whether or not the enabling legislation of the SSI benefits, 42 U.S.C. § 1396a (a)(10) and § 1396a(f), and regulations promulgated thereunder, 45 C.F.R. § 248.1(b)(2)(iii), require defendants to provide medical assistance to members of the plaintiff's class.
It is clear that under the Social Security laws that any state eligibility standard that excludes persons eligible for assistance under the federal medical assistance eligibility standards of Title XIX violates the federal Social Security Act and is therefore invalid under the Supremacy Clause of the United States Constitution, unless the state exclusion is clearly authorized by the language of the Act or its legislative *810 history. Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); and Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972). Once a federal standard of eligibility is defined by the Act, aid may not be denied by a participating state to persons who come within the federal statutory eligibility requirements, unless there is a clear indication that Congress meant the coverage to be optional. Burns v. Alcala, 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975).
The aforecited § 1396a(a)(10) (A) requires states, such as Missouri, participating in federal-state medical assistance programs to provide medical assistance coverage to all recipients of SSI. § 1396a(f) has a limited exception to the above rule by stating which SSI recipients the states are not required to extend medical assistance coverage to, providing in pertinent part:
"Notwithstanding any other provision of this subchapter . . . no State . . . shall be required to provide medical assistance to any aged, blind, or disabled individual (within the meaning of subchapter XVI of this Chapter) for any month unless such state would be (or would have been) required to provide medical assistance to such individual for such month had its plan, for medical assistance approved under this subchapter and in effect on January 1, 1972, been in effect in such month . . ."
Subchapter XVI is the title of the Social Security Act which establishes the federal SSI program, 42 U.S.C. § 1381 et seq.
It is this Court's opinion that the aforecited language of § 1396a(f) permits the State of Missouri to exclude individuals from medical assistance coverage unless the State of Missouri would have been required to provide medical assistance to such persons under Missouri's medical assistance plan in effect on January 1, 1972. It is clear that under Missouri's January 1, 1972, approved medical assistance plan, the defendants were required to provide medical assistance to all recipients of OAA, AB, PTD, ADC and General Relief. The medical assistance coverage of individuals who are receiving General Relief is required by § 208.151 R.S.Mo., 1969, the Missouri medical assistance statute in effect on January 1, 1972. Such a construction of the applicable federal statutes has been upheld by the United States District Court for the Northern District of Mississippi in West v. Cole, 390 F.Supp. 91 (D.C.1975).
Thus, it becomes clear that using the normal rules of statutory construction that plaintiff and the members of the class which she represents are entitled to the injunctive and declaratory relief which they seek. In consequence,
It is hereby ordered that plaintiff's prayer for declaratory and injunctive relief be and is granted; and
It is further ordered that plaintiff's counsel shall prepare the appropriate orders to implement the relief prayed for; and
It is further ordered that defendant shall pay costs.