John JORDAN et al., Plaintiffs-Appellees,

v.

James L. TRAINOR, Director, Illinois Department of Public Aid, et al., Defendants-Appellants.

No. 75–1908.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1975.

Decided March 10, 1977.

Rehearing En Banc Granted April 25, 1977.

William J. Scott, Atty. Gen., William A. Wenzel, III, Sp. Asst. Atty. Gen., Chicago, Ill., for defendants-appellants.

Sheldon H. Roodman, James D. Weill, Legal Assistance Foundation, Chicago, Ill., for plaintiffs-appellees.

Before PELL and BAUER, Circuit Judges, and WHELAN, District Judge.*

WHELAN, District Judge.

This action has, prior to this appeal, been upon appeal to this court and thereafter was before the United States Supreme Court after a grant of certiorari. Involved in the earlier appeal was the validity of a judgment of the United States District Court whereby the Defendants-Appellants (officials of Illinois Department of Public Aid) were ordered to process Aid to the Aged, Blind, or Disabled Program applications in the State of Illinois in conformity with federal regulations. Defendants-Appellants were also ordered to release and remit payments under such Program which had been wrongfully withheld from applicants, who were members of the original plaintiff class as framed in the complaint.

On the first appeal the Defendants-Appellants contended that the Eleventh Amendment to the United States Constitution barred the exercise of the court's equitable powers to award such retroactive benefits against the state. On such first appeal, this court affirmed the judgment of the District Court, holding that the Eleventh Amendment did not bar the exercise of the court's equitable power to award such retroactive benefits against the state. The court also held, in the alternative, that

---

* United States District Judge Francis C. Whelan of the Central District of California is sitting by designation.

the State of Illinois has constructively consented to suit by participating in the Federal Aid to the Aged, Blind, or Disabled Program.

In *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the United States Supreme Court stayed the granting of the retroactive relief pending appeal and thereafter reversed the decision of this court which had allowed such retroactive relief. The Supreme Court at page 677, 94 S.Ct. at page 1362 of its opinion stated: "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief . . . and may not include a retroactive award which requires the payment of funds from the state treasury . . .." This court thereafter remanded the case to the District Court; such order of remand stated in pertinent part: "Pursuant to the mandate of the Supreme Court it is ordered that the district court's award of retroactive benefit payments to plaintiffs is reversed and the cause remanded to the court below with instructions to modify its judgment as necessary in order to insure that entitlement need not attach to applicants in Illinois any earlier than required by the version of 45 C.F.R. § 206.10 in force on the date of application."

■ On remand, the District Court heard a motion of Plaintiff-Appellee to require notice to members of the plaintiff class. The District Court Judge granted such motion and ordered that the officials of the Illinois Department of Public Aid send a written notice entitled "Notice of right to appeal denial of benefits" to each member of the plaintiff class whose application was delayed in processing during the period between 1968 and 1971. Such notice required the state officials to set forth the amount of public assistance "to which you were entitled" for the particular person to whom the notice was ordered sent. It appears from the briefs of both parties that such notice was ordered sent to approximately 20,500 persons. Also, the notice advised the particular person notified that such person "may file a notice of appeal challenging the denial of benefits." The court further required the state officials to enclose, to each person being notified, a notice of appeal "challenging the denial of benefits." Such notice of appeal by its terms set forth the following language as grounds for appeal: "The Department illegally delayed in the processing of my A.A.B.D. application and as a consequence denied me benefits to which I am entitled."

On this appeal Defendants-Appellants contend that the order of the United States District Court requiring such notice, together with a form of notice of appeal, to be mailed to each member of the plaintiff class, is barred by the Eleventh Amendment. We hold that the Eleventh Amendment constitutes a bar to the trial court's order requiring such notice.

The sending of the particular notice and the form of notice of appeal will order, in effect, the payment of state funds by retroactive award to the members of the plaintiff class for past action or inaction by the State of Illinois. In the form of notice to be sent, there is an admission by the State of Illinois that each member of the plaintiff class was "denied public assistance to which you were entitled" in an amount to be stated in such notice. Unquestionably the person receiving such notice would thereupon file the notice of appeal which was forwarded to him or her. In view of the admission of liability by the state, the course of such appeal would automatically result in payment of state funds. The payment would occur as the result of the judgment of the District Court here appealed from.

The District Court stayed that part of the order directing the mailing of the notice and form of notice of appeal pending appeal of this case; however, that portion of the order requiring the Illinois Department of Public Aid to compile a list of all of the persons entitled by the terms of the order to such notice was not stayed pending appeal.

■ The Supreme Court in *Edelman* at pages 677–678, 94 S.Ct. 1347, makes it very clear that the Eleventh Amendment is in

substance a jurisdictional bar to the exercise of federal judicial power concerning past action or inaction of a state with respect to the Aid to the Aged, Blind, or Disabled Program. The granting of any type of relief constituting entitlement to retroactive benefits claimed against the state is therefore precluded in this case.

*Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), does not support the position of Plaintiffs-Appellees. It is true that the Supreme Court there reversed the decision of the Court of Appeals which had barred monetary relief to the appellants therein. However, the relief sought against the State of Connecticut in *Fitzpatrick* was for, *inter alia,* damages for past acts of Connecticut state officials in violation of Title VII of the Civil Rights Act of 1964. The Supreme Court made it clear that it was granting the right of employees to sue the state for violation of Title VII because of the power given to Congress by Section 5 of the Fourteenth Amendment to enforce the substantive provisions of the Fourteenth Amendment. Section 5 specifically provides that the Congress shall have power to enforce the provisions of the Fourteenth Amendment by appropriate legislation. Thus, Congress had the power in passing Title VII to include states as parties-defendant in order to enforce the rights of persons to have equal protection of the laws. It also had the power to require a state to satisfy its duties with respect to its treatment of private individuals.

*Fitzpatrick* further indicates that Plaintiffs-Appellees in the instant case are not entitled to the relief given by the District Court. In *Fitzpatrick* the Supreme Court restated the *Edelman* doctrine when, in referring to *Edelman,* it stated: "We concluded that none of the statutes relied upon by plaintiffs in *Edelman* contained any authorization by Congress to join a state as a defendant. . . . The provisions of the Social Security Act relied upon by plaintiffs [in *Edelman* ] were held by their terms not to 'authorize suit against any one.' " *Fitzpatrick v. Bitzer, supra,* 427 U.S. at 452,

96 S.Ct. at 2669. Nor do any of the other authorities cited by Plaintiffs-Appellees support their position.

It should further be noted that the terms of the judgment of the District Court here on appeal fixed various times during which the various members of the plaintiff class could appeal the denial of A.A.B.D. assistance.

■ When the action is, in essence, one for the recovery of money from the state, and the action is not brought under a statute enforcing a right against a state under the Fourteenth Amendment, the state is entitled to invoke its sovereign immunity from suit. *See Ford Motor Company v. Department of Treasury,* 323 U.S. 459 at 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

Subsequent to oral argument in this case, pursuant to former Circuit Rule 29 (now Rule 11), the appellees cited the case of *Lewis v. Shulimson,* 534 F.2d 794 (8th Cir. 1976), *stay granted,* 426 U.S. 902, 97 S.Ct. 231, 50 L.Ed.2d 163, as supporting their principal position. We find the support lacking. It is true that that abbreviated opinion does approve a district court order requiring a state welfare division to notify members of the appellee's class who were denied medical assistance in violation of the district court's order. The state authorities in *Lewis* challenged the order on the basis that it would require the expenditure of public funds in the process of notification, thereby violating the Eleventh Amendment. The court held that this processing expense was permissible in that it had only an ancillary effect under *Edelman.* The court pointed out in *Lewis,* at 795, that the district court order did not require the state to make any retroactive medical payments. That the processing expenditures were all that was involved is clear from the district court opinion referring to the fact that the complaint sought an injunction "from *further* denying medical assistance." [Emphasis added.] *Lewis v. Shulimson,* 400 F.Supp. 807, 808 (E.D.Mo.1975).

Appellees' reliance upon *Lewis* is misplaced. In the present case the state authorities are contending that the district

court order while not directly ordering retroactive payments is for all practical purposes doing so. We agree. Further, we note various district court cases cited to us regarding the matter of giving and processing notification of benefits to welfare recipients, some of these cases being pre-*Edelman*. We find no persuasive authority in these cases contrary to the position we reach in the present case.

The language of *Edelman* directed to the prior order in this litigation appears to us to be directly applicable to the district court order now under review:

> [I]t is in practical effect indistinguishable in many aspects from an award of damages against the State. It will to a virtual certainty be paid from state funds, and not from the pockets of the individual state officials who were the defendants in the action. It is measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials.

415 U.S. at 668, 94 S.Ct. at 1358. In sum, we decline to countenance the accomplishment of a prohibited end by indirection. The action of the district court in fact did not comply with our earlier remand. That remand ordered, in substance, that the district court judgment be modified to insure that entitlement need not attach to Plaintiffs-Appellees for retroactive benefits and the judgment was not so modified but instead was recouched in a form designed "in practical effect" to achieve the original goal.

For the foregoing reasons, the judgment of the district court dated August 22, 1975, is reversed and the cause is remanded to the district court for further proceedings consistent herewith.

REVERSED and REMANDED.